IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>*v.*<br><br>MICHAEL CANNON, II | Criminal Action No.<br><br>2:13-CR-09-WCO |

### Government's Sentencing Memorandum

The United States of America, by Sally Quillian Yates, United States Attorney, and Paul R. Jones, Assistant United States Attorney for the Northern District of Georgia, files this Government's Sentencing Memorandum.

### PROCEDURAL HISTORY

The defendant, Michael Cannon, II, was indicted by the grand jury on April 9, 2013. (Doc. 9.) He was charged in Count One with producing child pornography, in violation of 18 U.S.C. § 2251(a), in Count Two with distributing child pornography, in violation of 18 U.S.C. § 2252(a)(2), and in Count Three with receiving child pornography, in violation of 18 U.S.C. § 2252(a)(2).

The defendant entered into a plea agreement with the government on June 16, 2014. (Doc. 58.) One salient feature of the plea agreement is that the parties agree to recommend that the defendant be sentenced to 25 years in prison. (Doc. 58-6.) The defendant's sentencing hearing is scheduled for November 12, 2014.

## DISCUSSION

### A. The Guidelines are properly calculated.

The Presentence Investigative Report ("PSR") calculates the defendant's total offense level at 41, which includes a base offense level of 18, enhancements for using a minor under the age of 12 years (4 levels), commission of a sexual act (2 levels), distribution (2 levels), having custody of the minors (2 levels), and obstruction of justice (2 levels), and a downward adjustment for acceptance of responsibility (3 levels). (PSR ¶¶ 22-32.) He is in criminal history category I. (PSR ¶ 36.) His custody Guidelines range is 324-405 months. (PSR at p. 14.)

### B. A Downwards variance is appropriate under 18 U.S.C. § 3553(a).

In determining a reasonable sentence, the Court should begin by correctly calculating the applicable Guidelines range. *Gall v. United States*, 552 U.S. 38, 49 (2007); *United States v. Pugh*, 515 F.3d 1179, 1189 (11th Cir. 2008). From there, the Court should assess the factors set forth in 18 U.S.C. § 3553(a) to determine a reasonable sentence. *Gall*, 552 U.S. at 49-50; *Pugh*, 515 F.3d at 1189-90. The § 3353(a) factors include the nature and circumstances of the offense, the need for the sentence imposed to reflect the seriousness of the offense, deterrence of criminal conduct, and protection of the public.

Typically, the government recommends a sentence within the properly calculated Guidelines range because the Guidelines often yield a sentence that accurately reflects a defendant's culpability relative to similarly situated individuals. The Guidelines do so by incorporating such critical elements as a defendant's criminal history, the severity of the instant offense (for example, as

2

measured by dollar loss, drug quantity, or number of victims), and mitigating or aggravating factors such as role in the offense, abuse of position of trust, and the vulnerability of victims. Generally, the government finds that the Guidelines yield sentences that are reasonably related to a defendant's criminal conduct: more culpable defendants face higher sentences than less culpable defendants. However, on those occasions when the government determines that the Guidelines do not adequately capture the severity (or lack thereof) of a defendant's crimes, the government may seek a departure of variance. This is such a case. As shown below, the government believes that a sentence of 300 months (25 years), to be followed by a lifetime term of supervised release, is reasonable under the § 3553(a) factors.

**1. Offense conduct and seriousness of the offense**

The harm caused to the children in this case cannot be overstated. As discussed in the PSR, the defendant created child pornography using two young girls in his custody. One girl was more actively abused, having been photographed by the defendant as she was forced to perform a sex act on him. In December 2012, the defendant posted some of the images on a foreign website on which users can create and share photo albums. The foreign website realized that the defendant was posting child pornography and locked him out of the photo album that he had created. However, before that happened, the defendant had obtained the e-mail addresses of persons who shared his interest in child pornography. At that point, he distributed more images of the child pornography that he had produced, and he received child pornography in

exchange. The initial harm caused by molesting the girls was compounded by the fact that the images of their sexual abuse have been distributed through the Internet. The girls are now part of NCMEC's named series of child pornography where the victims have been identified. Canon's use of girls in his custody to make pornographic materials is harmful to the "psychological, emotional, and mental health of the child." *Pugh*, 515 F.3d at 1196. A sentence of 25 years in prison is reasonable in light of the seriousness of the offense.

### 2. The need for the sentence imposed to provide just punishment for the offense.

The defendant's sexual abuse of two girls in his care and custody is completely reprehensible. Disseminating those images over the Internet aggravates the harm. Disseminating them for the purpose of obtaining images of other children being sexually abused is indefensible. As the Eleventh Circuit noted in a case involving the production of child pornography, the defendant "recorded his sexual abuse and debasement of the little children in photographs and videos for his own personal enjoyment and to share with others." *United States v. Irey*, 612 F.3d 1160, 1203 (11th Cir. 2010). The defendant did the same here. A sentence of 25 years in prison encapsulates the entire harm that the defendant caused and provides just punishment for the offense.

### 3. The need to protect the public and deter criminal conduct.

In *Pugh*, the Eleventh Circuit held that the district court abused its discretion in sentencing the defendant, who pled guilty to possessing child pornography, to five years of probation, followed by no supervised release. The court remarked

4

that "Pugh's probationary sentence, we think, tends to undermine the purpose of general deterrence, and in turn, tends to increase (in some palpable if unmeasurable way) the child pornography market. This problem is compounded not just because of the number of images Pugh downloaded over an extended time frame, but also because Pugh distributed some of the images to others." *Pugh*, 515 F.3d at 1194-95. In a similar fashion, the defendant in this case has contributed to the child pornography market and has helped sustain this market. Sentencing the defendant to prison for 25 years protects the public, prevents him from committing similar crimes, and serves as a warning of the serious consequences to like-minded individuals.

   **4.   The need to avoid unwarranted sentence disparities.**

Defendants who plead guilty to a single count of production of child pornography typically receive sentences between 20 and 30 years, depending on the number of images and victims as well as the content of those images. In *United States v. Geer*, Criminal Case No. 4:13-CR-36, the defendant was sentenced to 30 years in a production case that involved multiple victims. The defendant in *United States v. Pell*, Criminal Case No. 1:14-CR-189, received a sentence of 29 years. Although this case involved only one victim, the defendant photographed his sexual assault of the victim as well as the sexual assault of the same victim by two of the defendant's friends. In *Irey*, the defendant pled guilty to one count of production of child pornography. *Irey*, 612 F.3d at 1168. The district court sentenced the defendant to 210 months. *Id.* at 1179. The Eleventh Circuit remanded with instructions to the sentence the defendant to the statutory

maximum of 30 years. *Id.* at 1225. The court noted, *inter alia*, that the defendant had recorded and distributed his sexual abuse of at least 50 girls, some as young as four years old, with some of the images showing the victims being tortured. *Id.* at 1166-67. A sentence of 25 years in prison for the defendant in the instant case is consistent with sentences imposed on persons who pled guilty to production of child pornography.

## Conclusion

After considering the factors set forth in 18 U.S.C. § 3553(a), the government requests that this Court follow the recommendation of the parties and sentence the defendant to 25 years in prison. The government further requests that the Court impose a lifetime term of supervised release.

Respectfully submitted,

SALLY QUILLIAN YATES
*United States Attorney*


/s/PAUL R. JONES
*Assistant United States Attorney*
Georgia Bar No. 402617
Paul.Jones@usdoj.gov

600 U.S. Courthouse   75 Spring Street SW   Atlanta, GA 30303
(404) 581-6000   fax (404) 581-6181

## Certificate of Service

I served this document today by filing it using the Court's CM/ECF system, which automatically notifies the parties and counsel of record.

>Thomas Hawker, Esq.
>Federal Defender Program, Inc.

November 11, 2014

>/s/ PAUL R. JONES
>PAUL R. JONES
>*Assistant United States Attorney*